UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DEVON NEWSOME,<br><br>   Plaintiff,<br><br>   v.<br><br>S. MORRIS, et al.,<br><br>   Defendants. | Case No. CV 15-00888 AB (RAO)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Civil Complaint ("FAC"), all of the other records and files herein, and the Report and Recommendation of United States Magistrate Judge. Further, the Court engaged in a *de novo* review of those portions of the Report to which Plaintiff objected.

Plaintiff advances two arguments in his Objections. First, Plaintiff argues that Defendants provided, and continue to provide, negligent medical care. However, negligence does not constitute deliberate indifference. (*See* Report and Recommendation at 12.) Neither does gross negligence. *Clement v. California Dep't of Corrections,* 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002). This is so because "deliberate indifference is a higher standard than negligence…." *See Nero v. Wolverton*, 2014 WL 4601485, at *5 (C.D. Cal. Aug. 11, 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). Thus, to

the extent that Plaintiff argues that he is entitled to relief due to Defendants' alleged negligence in providing medical care, relief is unavailable to Plaintiff in this action.

Second, Plaintiff argues that the delay in his receipt of surgery occasioned by Chief Medical Executive P. Finander's denial of a Request For Service ("RFS") on Plaintiff's transfer to California State Prison - Los Angeles County caused him pain and suffering and allowed his condition to progress to the point where surgery is no longer an option. A delayed or denied surgical procedure can serve as a ground for relief when a defendant is deliberately indifferent and causes harm. *See McGuckin v. Smith,* 974 F.2d 1050, 1060 (9th Cir. 1992) (citing *Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985)), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Here, Plaintiff alleges harm in his Opposition, but he has failed to plausibly allege deliberate indifference.

In *Shapley*, a Nevada prisoner alleged deliberate indifference on account of a delay by prison officials in surgically repairing his knee. *Shapley*, 766 F.2d at 405-06. The prisoner alleged that, for approximately five years, prison officials ignored several doctors who recommended surgery. *Id*. at 406. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(d). *Id*. The Ninth Circuit reversed and remanded for consideration of the deliberate indifference claim stating that "[i]f it is true that prison officials denied [the prisoner's] surgery despite the *repeated* recommendations of [his] physicians, [he] may well have a valid section 1983 action under *Estelle v. Gamble,* 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)." *Id*. at 408 (emphasis added) (citations omitted).

Here, by contrast, Dr. Finander reviewed and redirected a RFS for a referral to UCLA "for *possible* further resection." (*See* FAC at 96, Dkt. No. 19 (emphasis added).) It is not clear that Dr. Finander ever rejected an express recommendation for surgery. What is clear, however, is that Plaintiff was referred to specialists who evaluated him, ordered diagnostic tests, and considered the advisability of surgery. It also appears that surgery was scheduled, but did not happen because the surgeon

1  "felt it would be better and safer for [Plaintiff] to receive surgery in consult with
2  both neurosurgery and urology, rather than in a general surgery setting." (*See* FAC
3  at 107.)  Dr. Finander cannot be faulted under those circumstances. *Cf. McGuckin*,
4  974 F.2d at 1062 (affirming summary judgment, in part, because the record did not
5  show that defendants were responsible for the delay in the occurrence of surgery).

6      The Magistrate Judge reviewed the records Plaintiff attached to the FAC and
7  found that he failed to state a deliberate indifference claim.  For the reasons above,
8  and the other reasons stated in the Report and Recommendation, the Court agrees—
9  and accepts and adopts the findings, conclusions, and recommendations of the
10 Magistrate Judge.

11     IT IS ORDERED that this action is dismissed with prejudice and without
12 leave to amend.

15 DATED:  August 17, 2016

          ANDRÉ BIROTTE JR.
          UNITED STATES DISTRICT JUDGE